# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-358V
Filed: September 28, 2018
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| ANITA JONES, | \* |
| | \* |
| Petitioner, | \* |
| | \* |
| v. | \*  Attorneys' fees and costs decision; |
| | \*  Reasonable attorneys' fees and costs |
| | \* |
| SECRETARY OF HEALTH | \* |
| AND HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |
| | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Simina Vourlis, Columbus, OH, for petitioner.
Adriana R. Teitel, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On March 16, 2017, Anita Jones ('petitioner") filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012) alleging that the Tetanus-diphtheria-acellular pertussis ("Tdap") vaccine she received on February 9, 2015 caused her Guillain-Barré syndrome ("GBS"). Pet. at 1, 7.

On July 18, 2018, the parties filed a stipulation in which they agreed to settle this case and described the settlement terms. Respondent denies that the Tdap vaccine caused or significantly aggravated petitioner's alleged injury or any other injury. Nonetheless, the parties agreed to resolve this matter informally. On July 19, 2018, the undersigned issued a decision awarding compensation in the amount and on the terms set forth in the stipulation. Judgment

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

entered on July 27, 2018.

On August 20, 2018, petitioner filed an application for attorneys' fees and costs ("Fees App."), requesting attorneys' fees of $28,661.80[2] and attorneys' costs of $1,524.83, for a total request of $30,186.63. Fees App. at 2-3. Pursuant to General Order No. 9, petitioner has indicated that she has not personally incurred any costs in pursuit of this litigation.

On September 3, 2018, respondent filed a response to petitioner's motion explaining he is satisfied that this case meets the statutory requirements for an award of attorneys' fees and costs under 42 U.S.C. § 300aa-15(e)(1)(A)-(B). Resp. at 2. Respondent "respectfully recommends that the [undersigned] exercise her discretion and determine a reasonable award for attorneys' fees and costs." Id. at 3. Petitioner has not filed a reply. The matter is now ripe for disposition.

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa-15(e)(1). The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs. Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

Based on her experience and review of the billing records submitted by petitioner, the undersigned finds petitioner's attorneys' fees and costs request reasonable, with one exception. While petitioner's counsel has taken great care in delineating tasks billed at attorney rates versus tasks billed at paralegal rates, several of the tasks billed at paralegal rates are administrative and clerical in nature. For example, there are several entries billing for filing documents, scanning records, and preparing payment for records. Fees App. Ex. 1 at 12-14. It is well established that billing for clerical and other secretarial work is not permitted in the Vaccine Program. Rochester v. United States, 18 Cl. Ct. 379, 387 (1989). The total of all these entries is 2.6 hours – therefore, the undersigned shall reduce the award of attorneys' fees by $358.80.

Accordingly, the undersigned **GRANTS** petitioner's application for attorneys' fees and costs. The court awards **$29,827.83** (representing attorneys' fees in the amount of $26,453.80 and cost of $1,524.83) in the form of a check made payable jointly to petitioner and the Law Offices of Simina Vourlis.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of

---

2 In her fees application, petitioner requests attorney and paralegal fees of $26,812.60. Fees App. at 1. However, it appears that this number inadvertently failed to include the amount of paralegal fees billed. In the breakdown of time billed per year, the billing records reflect that counsel billed a total of $26,812.60 in attorneys' fees and $1,849.20 in paralegal fees. Fees App. Ex. 1 at 14. Therefore, the undersigned finds that $28,661.80 is the actual amount of attorneys' fees requested.

the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

Dated: September 28, 2018                                      /s/ Laura D. Millman
                                                                                                                   Laura D. Millman
                                                                                                                     Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.